## SEACREST v. NEWMAN *et al.*

1. Appeal: STAY OF EXECUTION. A stay of execution, under section 3293 of the Revision of 1863, operates as a waiver of the right to appeal. Rev., 1860, § 3294.

2. Practice: MOTION. A motion made on an imperfect record, to dismiss an appeal, is not a bar to another motion for the same purpose made upon an amended and perfect record.

*Appeal from Jones District Court.*

THURSDAY, JANUARY 4.

PLAINTIFF sues defendants for damages, and on account, in the sum of ninety-three dollars, before a justice of the peace, gets a judgment for $30.94 and costs. The defendants take the benefit of the stay law, and afterwards appeal to the District Court. The transcript, as sent up, did not show that the judgment had been stayed. Nevertheless the plaintiff moved to dismiss the appeal as being inadmissible after a stay of execution; which motion was overruled. The plaintiff, upon a proper showing, obtained a rule on the justice to send up a full and more complete transcript of his docket. This being done, the record now showed that the defendants' stay of execution had been taken agreeably to the requirements of § 3293 of the Revision. The plaintiff renewed his motion to dismiss, which was again overruled, for the reason a similar motion had been previously made and overruled. The plaintiff excepting, stands upon his motion. Suit was dismissed, and he appeals.

*J. L. Shean* for the appellant.

*C. R. Scott* for the appellee.

1. APPEAL: stay of execution.
Lowe, J.—The right of appeal, after taking the benefit of the stay law, was cut off. § 3294, Revision.

2. PRACTICE: motion.
The first record sent up under the appeal, was not a true transcript of the proceedings, and the parties were not bound to go to trial upon it, as long as the way was open to have the same perfected. A second, true and more perfect transcript was filed, which entirely superseded the first, and upon which alone the

parties could be required to go to trial. A motion, therefore, to dismiss the appeal, founded upon the first transcript, could not, and ought not to be a bar to a motion to dismiss, founded upon the new and more perfect record, presenting a different state of case in an important particular. Yet the court overruled the second motion to dismiss the appeal, based, not upon the first and imperfect record, but upon the second and true transcript, upon the ground that a former motion had been made for the same purpose. We presume, from the argument of the appellant's counsel, this was done, under the authority of § 2866, Revision, which says, a "Motion after a motion, or a demurrer after a demurrer to the same pleading, shall not be allowed," &c. But to us it is quite plain, that neither the language nor the object of the section will sanction the ruling, and that the judgment will be reversed and the cause remanded.

Reversed.